# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:12-CR-218 |
| Plaintiff, | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| WILLIAM D. TAYLOR, SR., | : | |
| Defendant. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 18) and Defendant's Motion in Limine (Doc. 19). For the reasons set forth, Defendant's Motions are **DENIED**.

### II. BACKGROUND

Defendant, William Taylor, Sr. ("Taylor"), was indicted on October 31, 2012 on two counts of violating 26 U.S.C. § 7206(1) for fraud and false statements Taylor allegedly made to the Internal Revenue Service (IRS) on his Form 1040 Individual Income Tax Returns for 2007 and 2008. The indictment resulted from a Grand Jury investigation, of which Taylor was the subject. The Grand Jury investigation focused on allegations that Taylor had solicited investments for construction projects which he never completed, instead using the funds solicited for personal purposes. In other words, the Government alleged Taylor had converted the investments into personal income for himself.

On March 31, 2009, after the Grand Jury issued a subpoena for Taylor's financial records, Taylor appeared before the Grand Jury. At this appearance Taylor was informed of his

rights under the Fifth and Sixth Amendments. He was told that he could apply for Court-appointed counsel prior to further proceedings before the Grand Jury. Taylor declined to apply for counsel at that time and produced certain records to the Grand Jury. No substantive questions were put to Taylor by the Grand Jury. Taylor's wife, not the subject of a Grand Jury investigation, also received a subpoena and appeared before the Grand Jury on the same day as Taylor. She answered substantive question regarding record-keeping and production of the records.

On June 14, 2013 Defendant moved for the first time to dismiss his indictment on the basis that he had been unable to afford counsel and thus, was not informed of his rights under the Fifth and Sixth Amendments. Defendant also moved to prevent the Government from introducing "evidence about Defendant's failure in the housing development industry generally." The Government opposes both Motions. The Motions have been fully briefed and are ripe for adjudication.

### III. LAW & ANALYSIS

#### A. Motion to Dismiss

Defendant now moves to dismiss his indictment because, not being able to afford counsel, he appeared before the Grand Jury and testified without counsel. It is well settled that a Grand Jury proceeding implicates a witness's rights under the Fifth and Sixth Amendments. *U.S. v. Mandujano*, 425 U.S. 564, 581 (1976). Since the Sixth Amendment right to counsel does not attach until an indictment, however, a Grand Jury witness "cannot insist, as a matter of Constitutional right, on being represented by his counsel." *Id*. at 581. A witness may have the assistance of counsel, but counsel may not be present in the Grand Jury room. *Id*. Here, Defendant was informed of his rights and expressly waived the opportunity to apply for Court-

2

appointed counsel.  Defendant produced documents after being informed of his rights.  He was not asked substantive questions.

Since Defendant was informed of his rights and has been unable to cite any law which would require the Government to appoint counsel notwithstanding his waiver, there is simply no basis on which to dismiss this indictment.  The only case cited by Defendant, *In re Oliver*, 333 U.S. 257 (1948), is inapposite.  In that case, a witness before a one-man judge-grand jury was convicted by the judge-grand jury for contempt.  The witness was immediately imprisoned for 60 days with no break in the secrecy of the proceeding and no opportunity for the witness to defend himself in a separate contempt proceeding.  *Id*. at 257-59.  The facts of *In re Oliver* bear no similarity to those of Defendant's case, except that a grand jury was involved at some stage.

In the Sixth Circuit, "[i]n order for this court to order dismissal of an indictment as part of its supervisory powers, there must be a showing of demonstrated and longstanding prosecutorial misconduct as well as a showing of substantial prejudice to the defendant." *United States v. Rozin*, 552 F.Supp.2d 693, 699 (S.D. Ohio 2008).  There is no allegation by Defendant or evidence in the record of any prosecutorial misconduct.  To the extent Defendant has been prejudiced, if at all, such prejudice is solely the result of his knowing waiver of the opportunity to apply for counsel.  Defendant has presented no legal basis for dismissing his indictment.

For these reasons, Defendant's Motion to Dismiss is, hereby, **DENIED**.

### B. Motion in Limine

In Defendant's Motion in Limine, he requests the Court prevent the Government from "evidence about Defendant's failure in the housing development industry generally" and prohibit the Government from referring to Defendant as a "predator" at trial.

3

### 1. Use of the Term "Predator"

With regard to Government's counsel as a "predator," Government's counsel has represented in his Response that he will not refer to Defendant as a "predator" "unless, at closing argument, it fairly appears that such a term would be warranted."  *Government's Response*, Doc. 24 at 2.  At closing argument, counsel has wide latitude to characterize the evidence he presented; Defendant has provided no legal or factual basis for interfering with the Government's presentation.  Prior to that time, the Government's counsel has stated he has no intention of referring to Defendant as a "predator" or similar pejorative term.  Thus, this issue is **MOOT**.

### 2. Evidence of Defendant's Involvement in the Housing Industry

Defendant also moves to exclude evidence regarding is involvement in the housing industry.  Defendant is charged with violating 26 U.S.C. § 7206(1), which states a person commits a crime who "[w]illfully makes and subscribes any [tax] return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter."  26 U.S.C. § 7206(1).  The Ninth Circuit has held that the elements of a 26 U.S.C. § 7206(1) offense are:

> (1) the defendant made and subscribed a return, statement, or other document that was incorrect as to a material matter; (2) the return, statement, or other document subscribed by the defendant contained a written declaration that it was made under the penalties of perjury; (3) the defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and (4) the defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

*United States v. Boulware*, 384 F.3d 794, 810 (2004) (internal citations omitted).  The Sixth Circuit holds that "[a] matter is 'material' if it has a natural tendency to influence, or is capable

of influencing or affecting, the ability of the IRS to audit or verify the accuracy of a tax return." *United States v. Tarwater*, 308 F.3d 494, 505 (6th Cir. 2002). Moreover, "any failure to report income is material." *Id.*, *quoting United States v. Holland,* 880 F.2d 1091, 1096 (9th Cir.1989). The source of income is clearly material because "the government makes out a *prima facie* case of tax evasion when it has proved the existence of a likely source of taxable income." *Tarwater*, 308 F.3d at 509, *citing Holland v. United States*, 348 U.S. 121 (1954). The Sixth Circuit has also held that misstating the source of income is a material matter. *United States v. Fawaz*, 881 F.2d 259, 263 (6th Cir. 1989).

In light of established law, the Court cannot entertain Defendant's suggestion that the Court exclude evidence of his alleged other sources of income. It is unclear how the Government would even begin to prove a misstatement of Defendant's income without evidence of the origin of that income.

For these reasons, Defendant's request to exclude evidence of his involvement in the housing industry is **DENIED**. Since the Court has found against Defendant on both issues raised by his Motion in Limine (Doc. 19), the Motion is **DENIED**.

### IV. CONCLUSION

In summary, Defendant's Motion to Dismiss (Doc. 18) is **DENIED**. Defendant's Motion in Limine (Doc. 19) is also **DENIED**.

**IT IS SO ORDERED.**

                 **s/ Algenon L. Marbley**
                 **ALGENON L. MARBLEY**
                 **UNITED STATES DISTRICT JUDGE**

**DATED: June 26, 2013**